UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD DARDEN, JR., #831481,

                Petitioner,

v.                                     CASE NO. 2:16-CV-11184
                                     HONORABLE VICTORIA A. ROBERTS

CARMEN PALMER,

                Respondent.

_____/

**OPINION AND ORDER DISMISSING THE HABEAS CASE AS DUPLICATIVE,
DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Edward Darden, Jr. ("Petitioner"), a state prisoner confined at the Michigan Reformatory in Ionia, Michigan, challenges his convictions for second-degree murder, reckless driving causing death, reckless driving causing serious impairment of bodily function, failure to stop at the scene of an accident when at fault resulting in death, and failure to stop at the scene of an accident resulting in serious impairment or death following a jury trial in the Wayne County Circuit Court in 2012. He was sentenced as a second habitual offender to concurrent terms of 25 to 40 years imprisonment, two terms of 10 to 22 ½ years imprisonment, and two terms of 4 to 7 ½ years imprisonment on those convictions. In his pleadings, he raises claims concerning the sufficiency of the evidence and double jeopardy.

Petitioner has already filed a federal habeas action with this Court challenging the same state convictions, which is currently pending before another district judge. *See Darden v. Palmer*, Case No. 2:16-CV-11127 (E.D. Mich.) (Rosen, J.). Accordingly, the instant action must

be dismissed as duplicative. A suit is duplicative, and subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions. *See, e.g., Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999) (internal citations omitted). Such is the case here. The instant action is duplicative of his previously filed and pending habeas case. Because Petitioner challenges the same convictions in both cases and raises the same claims, the Court will dismiss this second habeas case as duplicative. *See Harrington v. Stegall,* 2002 WL 373113, *2 (E.D. Mich. Feb. 28, 2002); *Colon v. Smith*, 2000 WL 760711, *1, n. 1 (E.D. Mich. May 8, 2000); *see also Davis v. United States Parole Comm'n*, 870 F.2d 657, 1989 WL 25837, *1 (6th Cir. March 7, 1989) (district court may dismiss a habeas petition as duplicative of a pending habeas petition when the second petition is essentially the same as the first petition).[1] Accordingly, the Court **DISMISSES** the instant habeas case as duplicative. This dismissal is without prejudice to Petitioner's habeas action in Case No. 2:16-CV-11127. This case is closed.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable

---

[1]The Court notes that the duplicative filing may have been due to separate mailings by Petitioner or a filing error by the Court. In any event, the result is the same – the instant case must be dismissed.

2

jurists could not debate the correctness of the Court's procedural ruling.  Accordingly, the Court

**DENIES** a certificate of appealability.  The Court also **DENIES** leave to proceed *in forma*

*pauperis* on appeal as an appeal cannot be take in good faith.  Fed. R. App. P. 24(a).

      **IT IS SO ORDERED**.


                    <u>S/Victoria A. Roberts</u>
                    VICTORIA A. ROBERTS
                    UNITED STATES DISTRICT JUDGE

Dated:  April 14, 2016